UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**CHRISTMAS OAKS DEVELOPMENT
AND MANAGEMENT, LLC,**
    Alleged Debtor

Chapter 7
Case No. 18-14611-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

    The matter before the Court is the Motion to Dismiss Involuntary Petition filed by C. Peter R. Gossels, Esq., the Receiver of Christmas Oaks Development and Management, LLC ("CODM"), who was appointed by the Massachusetts Trial Court, Middlesex Superior Court Department. Through his Motion, the Receiver, purportedly on behalf of the alleged debtor, CODM, seeks dismissal of the involuntary petition originally filed by Sedona Realty Group, LLC ("Sedona") and subsequently joined by Lancaster Oaks Development, LLC ("Lancaster") and Joseph M. Rizzari ("Rizzari"). *See* 11 U.S.C. § 303(c). Following the joinder of Lancaster and Rizarris, the Receiver t filed motions seeking orders denying joinder by Lancaster, because it had been dissolved by the Secretary of State for the Commonwealth of Massachusetts in June of 2016, and by Rizzari, because he was the registered agent of Sedona and is not a creditor of the alleged debtor. Robert Christmas and Susan Christmas (the "Christmases"), "as interested

1

parties" owning a combined 50% of the membership interests in CODM" also filed objections to the joinder by Lancaster and Rizzari.

The Court heard the Receiver's Motion to Dismiss on March 5, 2019.[1] Counsel to Sedona, Lancaster, and Rizzari, as well as the Receiver, were present at the hearing. Neither Rizzari, personally, nor Robert and Susan Christmas appeared at the hearing. At the hearing, none of the interested parties requested an evidentiary hearing. Attorney Michael Feinman represented Sedona, and Attorney Jeffrey P. Goldberg represented Lancaster. Attorney Feinman, on behalf of Sedona, filed an objection to the Receiver's Motion to Dismiss, and he filed replies to the Receiver's motions seeking to preclude joinder on behalf of both Rizzari and Lancaster.

The Court now finds and rules as follows based upon the submissions of the parties and the representations of counsel at the hearing on March 5, 2019.

## II. BACKGROUND

Sedona filed the involuntary petition against CODM on December 12, 2018. Prior to the commencement of the involuntary petition, it had commenced an action against CODM and the Christmases in the Middlesex Superior Court in which Sedona was represented by Attorney Jeffrey P. Goldberg. In the Verified Complaint filed in the

---

[1] While the case law is not uniform, there is authority that a receiver is not a party in interest and has no standing to seek a dismissal or conversion or abstention. *See* Matter of Prop. Mgmt. & Investments, Inc., 17 B.R. 728, 730 (Bankr. M.D. Fla.), *on reh'g sub nom.* Matter of Prop. Mgmt. & Inv., Inc., 19 B.R. 202 (Bankr. M.D. Fla. 1982). As the Court has determined that the entry of an order for relief is warranted, the Court need not decide the issue.

Superior Court, Sedona alleged that it is a member managed Massachusetts limited liability company established on April 8, 2008, that Michael Robert O'Conner is its sole managing member, and, that Sedona was a member of CODM.[2] Sedona sought dissolution of CODM among other forms of relief.

During the Superior Court litigation, the parties agreed to arbitrate their disputes and proceeded to arbitration. Following the filing of a Motion to Confirm Arbitrator's Order, dated May 28, 2017, the Superior Court, on June 29, 2017, authorized the appointment of a receiver,[3] following litigation among Sedona, CODM, Michael R. O'Connor, Lancaster, Rizzari and Eliza A. D'Amico.[4] C. Peter R. Gossels, Esq. was appointed as the Receiver on August 11, 2017. On November 20, 2017, the Superior Court amended its order appointing the Receiver. In both orders, the Superior Court authorized and directed the Receiver "to collect, get in, and take charge of all of the estate, property, monies, debts, and effects of every kind and nature of or belonging to CODM, and to the same subject to further order of the court." The Superior Court did not authorize the Receiver to conduct the business of CODM.

---

[2] The Receiver attached a copy of the Verified Complaint filed by Sedona against CODM and Robert and Susan Christmas in the Middlesex Superior Court to his Motion to Dismiss.

[3] The Motion referenced "a long standing and extraordinarily contentious dispute," and a 10-day arbitration hearing. In the Superior Court action, Robert and Susan Christmas and CODM as Plaintiffs-in Counterclaim named Michael R. O'Connor, Lancaster, Rizzari and Elisa A. D'Amico as Defendants-in-Counterclaim.

[4] It is unclear whether the actions commenced by Sedona and Lancaster were consolidated.

The Receiver seeks to dismiss the involuntary petition commenced by Sedona based upon several contentions: 1) the involuntary petition was filed by a single creditor whose claim was less than the amount required under 11 U.S.C. § 303(b); 2) a bona fide dispute as to the liability exists;" and 3) a Chapter 7 trustee is unnecessary "to preserve the property of the estate or to prevent loss to the estate." Thereafter, Lancaster and Rizzari filed "Joinders," and the Receiver moved to preclude their joinder in the involuntary petition for the reasons set forth above.

Lancaster, in its Reply to the Receiver's Motion seeking denial of its request to join the petition, represented that it was a single member company owned by Rizzari, and that, although it was dissolved by the Secretary of State of the Commonwealth, the provisions of Mass. Gen. Laws ch. 156(c), § 45(b) authorize it to wind up its affairs.[5] Rizzari, in his Reply, stated:

> Rizzari maintains that he does have this claim of $2,000 against the Alleged Debtor. There has been no claims process undertaken by the Receiver, and as a result, the fact that no claim has been asserted is immaterial. Further,

---

[5] Section 45(b) provides:

> Upon dissolution . . . a limited liability company may continue its existence but shall not carry on any business except as necessary to wind up its affairs or distribute its assets which may include, but shall not be limited to, prosecuting and defending suits, whether civil, criminal or administrative, gradually settling and closing the limited liability company's business, disposing of and conveying the limited liability company's property, discharging or making reasonable provision for the limited liability company's liabilities and distributing to members any remaining assets of the limited liability company, without affecting the liability of members and managers and without imposing liability on a liquidating trustee.

Id.

on information and belief, the Receiver does not have complete books and records of the Alleged Debtor from which to make inquiry, and has not made inquiry of Sedona as to its information about Rizzari's claims.

Sedona, in the involuntary petition, represented that the alleged debtor owes it $5,000.00. In its Objection to the Receiver's Motion to Dismiss, it stated that its claim "constituted funds advanced to CODM . . . at the request of the receiver and accepted by the receiver on those terms and conditions." Sedona's counsel did not specify what those terms and conditions were. The Receiver submitted an Inventory that he filed with the Superior Court. On Schedule A to that Inventory, he listed Sedona's $5,000.00 as having advanced him $5,000 on October 15, 2018. The Receiver's Inventory, under the category of liabilities from 6/29/17 to 2/25/19, listed six individual or entities with claims, presumably against the receivership, totaling $62,654.49. The Receiver did not argue, in his motions, or at the hearing, that there were more than 12 holders of claims against CODM.

Following the March 5, 2019 hearing, Lancaster submitted a Supplement to its Joinder as a petitioning creditor. The Supplement included a copy of a Verified Complaint that Lancaster filed in March of 2012 in the Middlesex Superior Court against CODM and Robert and Susan Christmas related to its services "for construction, renovation, and property maintenance services for all their [sic] properties." According to Lancaster in its complaint, it was to be paid their [sic] actual cost of materials, plus 135% of their [sic] labor and costs." It represented in the complaint that CODM owed it a balance of $209,390.37 in connection with construction and maintenance work. Rizzari as managing member of Lancaster, verified the complaint to which the affidavit of Elisa

5

A. D'Amico, an accountant employed by Lancaster as its office manager, also was attached. D'Amico attested that there were no disputes as to the accuracy of invoices submitted or work performed by Lancaster for which it billed CODM. The unpaid invoices were attached to D'Amico's affidavit. In addition to the complaint and Affidavit, Lancaster also attached to its Supplement a Writ of Attachment against property located at 411 Robinson Road, Boxboro, Massachusetts in the sum of $209,000.00. The Superior Court issued the writ at least in part because the defendant [sic] did not appear and defend. The attached property, however, belongs to Robert and Susan Christmas according to Sedona's Verified Complaint filed in the Superior Court.

During the course of the March 6, 2019 hearing, the Receiver stated that he was "operating" CODM. He indicated that "we are operating and as you can see from my financial statements we are not insolvent. We are, in fact, brimming with assets and with . . . comparatively very few liabilities." He added that he was pursuing claims against Robert and Susan Christmas, who allegedly improperly withdrew monies from CODM.[6] Neither the order appointing the Receiver nor the amended order dated November 20, 2017, authorized the Receiver to operate the business of CODM, although he was authorized to engage an appraiser and an accountant, to pay real estate taxes, and to pay the expenses of the receivership, such as insurance and professional fees, and to sell inventoried assets to the highest bidder.

---

[6] The Receiver has not filed a separate action against the Christmases, but rather has filed a motion for summary judgment against them in the Superior Court, which the petitioning creditors assert is a flawed procedure.

In opposition to the Motion to Dismiss, Sedona through its counsel argued that the steps taken by the Receiver to liquidate assets have been inadequate and that the Receiver had not conducted a thorough examination of claims against CODM or an evaluation of potentially avoidable transfers made by CODM to Robert and Susan Christmas.

### III. ANALYSIS

The number of petitioners necessary for the filing of an involuntary petition depends on the number of creditors holding qualified claims against the debtor. Moreover, the petitioning creditor or creditors must be a holder or holders of qualifying claims. *See* 2 Joan N. Feeney, Michael G. Williamson, and Michel J. Stepan, *Bankruptcy Law Manual,* § 14:9 (West 2018). Pursuant to 11 U.S.C. § 303(b)(2), "if there are fewer than 12 such holders, excluding any employee or *insider of such person* and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title," the involuntary petition may be commenced by one or more of such holders that hold in the aggregate at least $15,775 of such claims." Thus, one qualifying petitioning creditor is sufficient to file an involuntary bankruptcy petition if the debtor has fewer than 12 creditors holding claims that are not contingent as to liability or the subject of a bona fide dispute. *See* Id.

A determination of whether this Court should enter an order for relief hinges upon the applicable burdens of proof between the petitioning creditors and the party seeking dismissal.

> The debtor has the burden of raising the issue that the involuntary petition is not supported by the requisite number of creditors as an affirmative defense. However, a single petitioning creditor has the burden of showing

> that the debtor has fewer than 12 creditors and has the ultimate burden to demonstrate that they are qualified as petitioning creditors. If it is found that the debtor had more than 12 creditors and more than a single creditor was necessary to satisfy the number of petitioning creditors requirement, the court has the discretion to allow additional creditors to join in the involuntary petition if the single creditor filed the petition in good faith and without knowledge as to the total number of creditors. The requirement of the number of creditors necessary for the filing of an involuntary petition is not jurisdictional in nature and can be waived by the debtor as there is nothing in Code § 303(b) which implicates bankruptcy jurisdiction.

Id. (footnotes omitted).

As noted above, the Receiver did not contest that CODM has fewer than 12 creditors. Nevertheless, Sedona is a member of CODM and, thus, is an "insider" of CODM. Moreover, it did not assert a claim in excess of $15,775. According to the court in In re Longview Aluminum, L.L.C., 657 F.3d 507 (7th Cir. 2011),

> It is well established that the definition of insider is not an exhaustive list; the definition has been expanded by bankruptcy courts to include positions analogous to those enumerated, including in the LLC context. *See* In re Krehl, 86 F.3d at 741; In re Barman, 237 B.R. 342, 348–49 (Bankr. E.D. Mich. 1999) ("[The LLC] is also within the statutory definition of an 'insider' of [the LLC member] because [the LLC member] is one of its three members, and thus holds a position that is analogous to that of a 'director, officer or person in control' of [the LLC]."); In re Pearson, No. 1:10–bk–00946MDF, 2010 WL 3956762, at *3 (Bankr. M.D. Pa. 2010) ("In Pennsylvania, members of limited liability companies are individuals with an ownership interest in the LLC and a right to participate in the management of the business. . . . Since [the LLC member] is a member of the LLC, [the LLC] is an 'insider' of [the LLC member]."); In re Die Fliedermaus LLC, 323 B.R. 101, 111 (Bankr. S.D.N.Y. 2005) ("[T]he [New York Limited Liability Company Law] presumptively puts members in control of the LLC, and as such they are in a position to exert influence over the LLC. This sufficiently places them within the parameters of the Bankruptcy Code's definition of insider."). When the position held by the alleged insider is not enumerated in the statute, the relevant inquiry for the court is to consider whether the relationship at issue is similar to or has characteristics of any of the defined relationships.

8

In re Longview Aluminum, L.L.C., 657 F.3d at 509–10. While Sedona may have claims against CODM and Robert and Susan Christmas, the $5,000 obligation it referenced in the involuntary petition was advanced to the Receiver, not the alleged debtor CODM, and the amount of its asserted claim is insufficient for the commencement of an involuntary without the joinder of other holders of claims.

The Receiver disputed Lancaster's status as the holder of a claim because it had been dissolved. Lancaster sufficiently rebutted the Receiver's argument with reference to Mass. Gen. Laws ch. 156(c), § 45(b). The Receiver did not argue that Lancaster was ineligible to join the petition as the holder of a disputed or contingent claim.

Accordingly, the Court concludes that the Receiver failed in his burden, and Lancaster is the holder of a claim that is not contingent as to liability and not subject to bona fide dispute. The amount of the claim exceeds $15,775, and the judicial lien it holds by virtue of the Writ of Attachment is not against property of CODM but against Robert and Susan Christmas. Thus, Lancaster, as a petitioning creditor, has satisfied the requirements of 11 U.S.C. § 303(b)(2).

The Court observes that Rizzari failed to submit any evidence as to the basis of his status as the holder of claim in the amount of $2,000, but the Receiver did not produce any evidence or even a sufficient argument that he is not the holder of a claim. Sedona's insider status and claim against the receivership need not preclude the entry or the order for relief in view of Lancaster's joinder in the petition.

Although the Receiver in his motion does not refer to abstention principles under 11 U.S.C. § 305(a) or 28 U.S.C. § 1334(c), he argues that the interests of creditors will be

best served by dismissal of the involuntary petition. This essentially is an abstention argument. The receivership has been characterized by delay since the appointment of the Receiver in August of 2017. Moreover, the Receiver has not filed a complaint to avoid fraudulent transfers under Mass. Gen. Laws ch. 109A, 5 and 6 against the Christmases despite requests to do so by creditors. According to the petitioning creditors, his inaction was prejudicial to creditors.

### III. CONCLUSION

The Court concludes that the entry of the order for relief and the appointment of a Chapter 7 trustee will best serve the interests of creditors. Accordingly, the Court shall enter an order denying the Receiver's Motion to Dismiss, as well as his motions seeking denial of the joinder by Rizzari and Lancaster. The Court overrules the objections to joinder filed by Robert and Susan Christmas as they failed to appear at the March 5, 2019 hearing.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: March 19, 2019